UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                                      O

| Case No. | 2:22-cv-01127-CAS (GJSx) | Date | September 5, 2023 |
|---|---|---|---|
| Title | ACTCA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

Not Present                                                              Not Present

**Proceedings:** (IN CHAMBERS) - PLAINTIFF'S EX PARTE APPLICATION FOR ORDER EXCLDUING EVIDENCE UNDER FRCP 37(C)(1) OR, IN THE ALTERNATIVE, CONTINUING TRIAL AND RE-OPENING DISCOVERY (Dkt. 86, filed on AUGUST 30, 2023)

On August 30, 2023, ACTCA filed an *ex parte* application to exclude evidence under Federal Rule of Civil Procedure 37(c)(1) or, in the alternative, to continue trial and re-open discovery. Dkt. 86. On August 31, 2023, Rhythm filed an opposition to ACTCA's *ex parte* application. Dkt. 89. On September 1, 2023, the Court held a status conference with both parties and addressed ACTCA's *ex parte* application.

Rule 37 provides that if a party fails to provide the information required by Rule 26, 'the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.' " Mariscal v. Graco, Inc., 52 F. Supp. 3d 973, 981 (N.D. Cal. 2014) (quoting Fed. R. Civ. P. 37(c)(1)); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106, n.1 (9th Cir. 2001) (Rule 37 forbids the use at trial of "any information required to be disclosed by Rule 26(a) that is not properly disclosed, unless the lack of disclosure had "substantial justification" or was "harmless."). "Among the factors that may properly guide a district court in determining whether a violation of a discovery deadline is justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  O

| Case No. | 2:22-cv-01127-CAS (GJSx) | Date | September 5, 2023 |
|---|---|---|---|
| Title | ACTCA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

The Court concludes that it is inappropriate to exclude the evidence produced by Rhythm on August 25, 2023, pursuant to Rule 37. At issue in the case are ACTCA and Rhythm's claimed damages, and Rhythm's theory of damages—that it seeks reimbursement of the funds paid to Axis—has remained consistent. Dkt. 89 at 5. Rhythm claims it was surprised when ACTCA would not stipulate to the amount that Rhythm had paid Axis in connection with the clinical trials. Id. at 6; dkt. 86 at 5-6. Only when ACTCA failed to agree to the amount paid by, or on behalf of, Rhythm did Rhythm produce the additional documents reflecting its payments. Dkt. 89 at 2; dkt. 86 at 6-7. Thus, the Court is not persuaded that the evidence produced by Rhythm to support its damages claim has resulted in unfair surprise to ACTCA.

Further, the evidence does not appear to prejudice ACTCA for purposes of Rule 37. For one, the documents underlying Rhythm's summary charts are admissible business records pursuant to Federal Rules of Evidence 803(6) and 902(11). Dkt. 89 at 3. Moreover, ACTCA had the opportunity to and did depose Rhythm's CFO and 30(b)(6) designee, Mr. Smith, who ACTCA knew would be offering the summary charts as evidence, about the charts and their underlying documents. Id.; dkt. 86 at 8. Finally, ACTCA will have the opportunity to cross-examine Mr. Smith as well as any other witness for Rhythm at trial. ACTCA will also have the ability to dispute Rhythm's evidence and, subject to any appropriate objections, proffer its own evidence regarding the amount it claims it received. Accordingly, the Court does not find that the evidence produced by Rhythm unfairly surprises or prejudices ACTCA to justify its preclusion pursuant to Rule 37.

In light of the foregoing, the Court **DENIES** ACTCA's *ex parte* application.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |