UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:22-cv-01127-CAS (GJSx) | Date | June 24, 2024 |
| Title | ACTCA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                               Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN ARGUMENT AND TESTIMONY PURSUANT TO FEDERAL RULES OF EVIDENCE 401 AND 403 (Dkt. 152, filed on MARCH 4, 2024)

## I.     INTRODUCTION AND BACKGROUND

On December 21, 2021, plaintiff ACTCA, A Member of the Alliance, Inc. ("ACTCA") filed suit against defendant Rhythm Pharmaceuticals, Inc. ("Rhythm") and Does 1 through 10 in Los Angeles Superior Court. Dkt. 1-4, Exh. D. On February 18, 2022, Rhythm removed the case to this Court on the basis of diversity jurisdiction. Dkt. 1. ACTCA alleges a claim for breach of contract, which arises out of a series of written agreements between Rhythm and ACTCA; SFCT, A Member of the Alliance, Inc.; ICTLV, Inc.; and NYCT, A Member of the Alliance, Inc., (collectively "Axis") to conduct two separate clinical trials. Id. ¶¶ 8, 14-18. ACTCA alleges that Rhythm failed to tender the amounts owed to Axis pursuant to the agreements. Id. ¶¶ 11-12.

On April 14, 2022, Rhythm filed the operative First Amended Counterclaims against Axis. Dkt. 26.

The Court held a jury trial from September 6, 2023, through September 8, 2023, and September 12, 2023, through September 15, 2023. Dkts. 104, 106-07, 114-16, 121. Rhythm's remaining claims at trial were for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) breach of the implied duty to perform with reasonable care. Dkt. 51 at 18. The jury entered verdicts finding Rhythm liable for breaching the contract between the parties and awarding Axis $2,300,000 in damages; finding Axis liable for breaching the contract and awarding Rhythm $900,000

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:22-cv-01127-CAS (GJSx) | Date | June 24, 2024 |
| Title | ACTCA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

in damages; finding Axis liable for breaching the implied covenant of good faith and fair dealing in the contract and awarding Rhythm $0 in damages; and finding Axis not liable for breaching its duty to perform with reasonable care in its performance under the contract. Dkt. 125.

On October 11, 2023, Rhythm filed a motion for (1) judgment as a matter law; (2) an order amending the judgment; (3) prejudgment interest; and (4) costs. Dkt. 128. That same day, ACTCA filed a motion for prejudgment interest and costs and a motion for judgment as a matter of law on Rhythm's counterclaims. Dkts. 129, 130. On November 13, 2023, the Court denied the parties' motions and, at the hearing, ordered a new trial on its own motion. Dkt. 140.

On March 7, 2024, ACTCA filed an *ex parte* application to continue the trial. Dkt. 153. On March 11, 2024, the Court granted ACTCA's *ex parte* application, and continued the trial date to June 4, 2024. Dkt. 157.

On March 18, 2024, Rhythm filed a motion to amend the pretrial conference order. Dkt. 158. On April 22, 2024, the Court granted Rhythm's motion. Dkt. 164.

On March 4, 2024, before the Court continued the trial date to June 2024, Rhythm filed a motion *in limine* to exclude certain argument and testimony pursuant to Federal Rules of Evidence 401 and 403. Dkt. 152. On March 25, 2024, ACTCA filed an opposition to Rhythm's motion. Dkt. 159.

On May 15, 2024, the Court held a hearing on Rhythm's motion *in limine*. Because counsel for ACTCA did not make an appearance, the Court continued the pretrial conference. Dkt. 170.

On May 24, 2024, the parties filed a joint stipulation to continue the trial date to July 9, 2024. Dkt. 172. On May 28, 2024, the Court granted the parties' joint stipulation and continued the trial to July 9, 2024, and the pretrial conference and motion *in limine* hearing to June 24, 2024. Dkt. 173.

On June 24, 2024, the Court held a hearing on Rhythm's motion *in limine*. Once again, counsel for ACTCA did not make an appearance.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:22-cv-01127-CAS (GJSx) | Date | June 24, 2024 |
| Title | ACTCA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

## II.  LEGAL STANDARD

### A.  Motions *in Limine*

A motion *in limine* is "a procedural device to obtain an early and preliminary ruling on the admissibility of evidence." Goodman v. Las Vegas Metro. Police Dep't, 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013).  Trial courts have broad discretion when ruling on such motions.  See Jenkins v. Chrysler Motor Corp., 316 F.3d 664, 664 (7th Cir. 2002).  Moreover, such rulings are provisional and "not binding on the trial judge" on the court.  Ohler v. United States, 529 U.S. 753, 758 n.3 (2000).  "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." Ind. Ins. Co. v. Gen. Elec. Co., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

### B.  Federal Rules of Evidence

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence," and "the fact is of consequence in determining the action." Fed. R. Evid. 401.  Rule 402 provides that "[i]rrelevant evidence is not admissible," and that "[r]elevant evidence is admissible unless" the United States Constitution, a federal statute, the Federal Rules of Evidence, or another rule prescribed by the Supreme Court provides otherwise.  Fed. R. Evid. 402.  Pursuant to Rule 403, the Court should exclude relevant evidence if its probative value is "substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "[U]nfairly prejudicial evidence is that having 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Gonzalez-Flores, 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting Old Chief v. United States, 519 U.S. 172, 180 (1997)).

## III.  DISCUSSION

In its motion *in limine*, Rhythm seeks to exclude testimony or argument regarding: "(1) the general characteristics of the pharmaceutical industry; (2) whether Contract Research Organizations ("CROs") compete with Axis; and (3) the outcome of the first proceeding in this Court." Dkt. 152 at 3.  Rhythm argues that the Court should exclude testimony regarding the size of the pharmaceutical industry and other pharmaceutical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:22-cv-01127-CAS (GJSx) | Date | June 24, 2024 |
|---|---|---|---|
| Title | ACTCA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

drugs because it is irrelevant and "prey[s] on the jury's likely preconceived notions about pharmaceutical companies to imply that Rhythm is a billion-dollar company trying to stick it to the proverbial 'little guy.'" Id. at 4. Similarly, Rhythm moves to exclude argument that the pharmaceutical industry is biased against clinical trial providers and that "typical clinical trial contracts" are unfair to these providers, as such arguments improperly prejudice Rhythm. Id. at 5-6. Rhythm also seeks to preclude argument that "all Electronic Data Capture (EDC) systems create problems for clinical trial sites" and, specifically, Dr. Hazan's testimony at the first trial that most pharmaceutical companies avoid payment by hiding behind the query system. Id. at 6. In addition, Rhythm argues that the Court should exclude the irrelevant testimony that PPD and Advanced Clinical did not pay Axis because they, as CROs, compete with it. Id. at 6-7. According to Rhythm, preemptively excluding the aforementioned testimony will save time at the retrial and reduce the prejudice to Rhythm from having to frequently object to Axis's improper testimony. Id. at 3-7. Finally, Rhythm "seeks a prophylactic order prohibiting anyone—attorney or witness—from referencing the outcome (including verdict or damages award) in the first trial." Id. at 7.

In opposition, Axis contends that Rhythm's motion *in limine* improperly seeks to prevent Axis from introducing certain arguments to controvert those of Rhythm. Dkt. 159 at 2. Axis argues that testimony regarding the financial incentives of conducting obesity research proves the commercial value of the data and samples collected by Axis and thus disproves the alleged harm to Rhythm, which "wanted to keep the samples and data without paying for them to maximize its profits." Id. at 2-3. According to Axis, the jury is entitled to weigh the parties' conflicting arguments. Id. at 3. Similarly, Axis argues that Rhythm's attempt to prevent Axis from testifying about certain contract terms, and particularly, that "Rhythm's refusal to make its required contract payments 'squeezed' and 'exploited' Axis and forced Axis to continue working without payment," improperly invades the province of the jury. Id. Axis contends that if Rhythm does not find Axis's evidence to be credible, it may present evidence to disprove it. Id. Axis further argues that it should be permitted to impeach evidence from PPD and Advanced Clinical by showing their bias and self-interest as business competitors of Axis. Id. at 4. In addition, Axis contends that testimony regarding Rhythm's EDC system, such as the periods during which the EDC was not properly configured, is relevant to show that Rhythm prevented Axis from performing by timely entering data. Id. Because Rhythm's breach of contract claims concern Axis's alleged errors in entering this data, Axis argues that it would be impractical to exclude testimony regarding the EDC system. Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:22-cv-01127-CAS (GJSx) | Date | June 24, 2024 |
| Title | ACTCA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

Finally, Axis asserts that the Court need not issue an order prohibiting the parties from referencing the outcome of the first trial when the verdict is inadmissible at the retrial as a matter of law.[1] Id. at 5-6.

The Court agrees with Rhythm that Axis may not testify as to how big or dominant the pharmaceutical industry is as a general matter. Axis similarly may not argue that the pharmaceutical industry is biased against clinical trial providers by testifying that typical clinical trial contracts are unfair to such providers. Testimony regarding pharmaceutical companies in general, including other drugs on the market, is not relevant to the contracts at issue in *this* action. However, the Court finds that it would be inappropriate to exclude testimony regarding the EDC system in its entirety. Instead, the Court will determine whether such testimony is admissible on a case-by-case basis. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Rhythm's motion *in limine* as to testimony or argument regarding the general characteristics of the pharmaceutical industry.

Finally, as both parties acknowledge, the outcome of the first trial is inadmissible at the retrial.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Rhythm's motion *in limine*. The Court continues the pretrial conference to Monday, July 8, 2024, at 11:00 a.m. by Zoom. Zoom Webinar Information can be found on the Court's Website, under Judge Snyder's Procedures.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[1] Axis contends that Rhythm's motion *in limine* and the corresponding proposed order "are not specific enough to be enforceable during trial and thus invite confusion rather than eliminating it." Dkt. 159 at 5.