UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL          'O'   JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Debbie Hino-Spaan | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Peter Sunukjian | Alexander Wyman |
| | Nathan Sandals |
| | Rachel Samuels |

**Proceedings:**   PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW (Dkt. 221, filed on August 14, 2024)
PLAINTIFF'S MOTION FOR A NEW TRIAL (Dkt. 222, filed on August 14, 2024)
DEFENDANT'S MOTION FOR PREJUDGMENT INTEREST AND COSTS (Dkt. 220, filed on August 14, 2024)

## I.   INTRODUCTION AND BACKGROUND

On December 21, 2021, plaintiff ACTCA, A Member of the Alliance, Inc. ("ACTCA") filed this action against defendant Rhythm Pharmaceuticals, Inc. ("Rhythm" or "defendant") and Does 1 through 10 in Los Angeles Superior Court. Dkt. 1-4, Exh. D. Defendant removed the case to this Court on the basis of diversity jurisdiction. Dkt. 1. Plaintiff alleges a state law claim for breach of contract, as against all defendants. Id. ¶¶ 14-18. Plaintiff's claim arises out of a series of written agreements between defendant Rhythm and plaintiffs ACTCA; SFCT, A Member of the Alliance, Inc.; ICTLV, Inc.; and NYCT, A Member of the Alliance, Inc., (collectively "Axis" or "plaintiff") to conduct two separate clinical trials. Id. ¶ 8. Axis alleges that Rhythm failed to tender the amounts owed to Axis pursuant to the agreements. Id. ¶ 11-12.

On April 14, 2022, Rhythm filed the operative First Amended Counterclaims against Axis. Dkt. 26. Its remaining claims at trial were for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) breach of the implied duty to perform with reasonable care. Dkt. 51 at 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL ‘O’ JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

The Court held a jury trial on September 6, 7, 8, 12, 13, 14, and 15, 2023. Dkts. 104, 106-107, 114-116, 121. The jury returned the following verdicts: (1) "On Axis's claim for breach of contract, do you find that Rhythm breached the contract between the parties?" "Yes, we find in favor of Axis and against Rhythm and award damages to Axis in the amount of $2,300,000.00;" (2) "On Rhythm's claim for breach of contract, do you find that Axis breached the contract between the parties?" "Yes, we find in favor of Rhythm and against Axis and award damages to Rhythm in the amount of $900,000.00;" (3) "On Rhythm's claim in the alternative for breach of the implied covenant of good faith and fair dealing, do you find that Axis breached the implied covenant of good faith and fair dealing in the contract between Axis and Rhythm?" "Yes, we find in favor of Rhythm and against Axis and award damages to Rhythm in the amount of $0;" (4) "On Rhythm's claim in the alternative for breach of the implied duty to perform with reasonable care, do you find that Axis breached its duty to perform with reasonable care in its performance under the contract between Axis and Rhythm?" "No, we find in favor of Axis and against Rhythm." Dkt. 125.

On October 11, 2023, defendant filed motions for (1) judgment as a matter law; (2) an order amending the judgment; (3) prejudgment interest; and (4) costs. Dkt. 128. That same day, plaintiff filed a motion for prejudgment interest and costs, as well as a motion for judgment as a matter of law on defendant's counterclaims. Dkts. 129, 130. On November 13, 2023, the Court denied parties' motions for judgment as a matter of law and on its own motion ordered a new trial. Dkt. 140 at 14.

The Court held a second jury trial on July 9, 10, 11, 12, 16, and 17, 2024. Dkts. 193, 199, 200, 201, 205, 206. The jury returned the following verdicts: (1) finding in favor of Rhythm on its counterclaim for breach of the GO-ID Contracts, awarding damages of $2,009,503.53; (2) finding in favor of Rhythm on its counterclaim for breach of the Basket contracts, awarding damages of $747,420.75; (3) finding Axis breached the implied covenant of good faith and fair dealing in the GO-ID Contracts, awarding damages of $0; (4) finding that Axis breached its duty to perform with reasonable care in carrying out its obligations under the GO-ID contracts, awarding damages of $0; (5) finding that Axis breached the implied covenant of good faith and fair dealing in the Basket Contracts, awarding damages of $0; (6) finding that Axis breached its duty to perform with reasonable care in carrying out its obligations under the Basket Contracts, awarding damages of $0. Dkt. 218.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'   JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
| --- | --- | --- | --- |
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

On August 14, 2024, Axis filed the instant motion for judgment as a matter of law and a motion for a new trial. Dkts. 221, 222. On August 26, 2024, Rhythm filed an opposition to both motions. Dkt. 223. On September 3, 2024, Axis replied. Dkts. 228, 229. Also on August 14, Rhythm filed a motion for prejudgment interest and costs. Dkt. 220. On August 26, 2024, Axis filed an opposition. Dkt. 224. On September 3, 2024, Rhythm replied. Dkt. 227.

On September 16, 2024, the Court held a hearing on the matter. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    LEGAL STANDARD

### A.    Judgment as a Matter of Law

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue. . . ." Fed. R. Civ. P. 50(a)(1); see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 139, 149 (2000). If the court does not grant a motion for judgment as a matter of law pursuant to Rule 50(a), a party may file a renewed motion for judgment as a matter of law after the trial. Fed. R. Civ. P. 50(b). It is well-settled that the standard for judgment as a matter of law is the same as the standard for summary judgment. Reeves, 530 U.S. at 150 (citing Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 250-52 (1986)).

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'   JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|----------|--------------------------|------|--------------------|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997); see also Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994) (articulating the same standard in the context of a directed verdict). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

In a motion for summary judgment, a court must review the record "taken as a whole." Matsushita, 475 U.S. at 587. Similarly, in entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. Reeves, 530 U.S. at 150. In so doing, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Id. (citations omitted); see also Berry, 39 F.3d at 1057. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 447 U.S. at 255. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 530 U.S. at 151 (citing 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529 at 299 (2d ed. 1995)). In other words, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'  JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|----------|--------------------------|------|---------------------|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

from disinterested witnesses." <u>Reeves</u>, 530 U.S. at 151 (citing Wright & Miller, <u>supra</u>, at 300).

### B.    New Trial

Federal Rule of Civil Procedure 59 provides that a court may, after a jury trial, "grant a new trial on all or some of the issues-and to any party." Fed.R.Civ.P. 59(a)(1)(A). A district court "may grant a new trial only if the verdict is against the clear weight of the evidence, and may not grant it simply because the court would have arrived at a different verdict." <u>Pavao v. Pagay</u>, 307 F.3d 915, 918 (9th Cir.2002). Generally, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 Wright & Miller, et al., *Federal Practice & Procedure* § 2803 (3d ed.2015). A court should, however, grant a new trial where necessary "to prevent a miscarriage of justice." <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 729 (9th Cir.2007).

A trial court's decision whether to grant a new trial is reviewed for abuse of discretion. <u>Pavao</u>, 307 F.3d at 918. The Ninth Circuit may reverse the denial of such a motion only "if the record contains no evidence in support of the verdict" or the court "has made a mistake of law." <u>Molski</u>, 481 F.3d at 729 (internal quotation marks and citations omitted).

### C.    Prejudgment Interest and Costs

The Court determines whether to award prejudgment interest in a diversity case pursuant to California law. <u>Mutuelles Unies v. Kroll & Linstrom</u>, 957 F.2d 707, 714 (9th Cir. 1992) (holding that state law governs the award of prejudgment interest in cases based on diversity jurisdiction). California Civil Code section 3287 establishes when parties are entitled to prejudgment interest. Pursuant to section 3287(a), prejudgment interest is mandatory where damages are "certain, or capable of being made certain by calculation." Cal. Civ. Code § 3287(a). This is the case when "'there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage.'" <u>Diaz v. Kubler Corp.</u>, 785 F.3d 1326, 1329 (9th Cir. 2015) (quoting <u>Leff v. Gunter</u>, 33 Cal. 3d 508, 519 (1983)). Alternatively, discretionary prejudgment interest is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                    'O'   JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|----------|--------------------------|------|---------------------|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

available pursuant to section 3287(b) "on unliquidated claims—claims where 'the exact amount of damage is in dispute.'" Workplace Techs. Rsch., Inc. v. Project Mgmt. Inst., Inc., 664 F. Supp. 3d 1142, 1155 (S.D. Cal. 2023), appeal dismissed, No. 23-55394, 2023 WL 11226984 (9th Cir. Oct. 3, 2023) (citing A&M Produce Co. v. FMC Corp., 186 Cal. Reptr. 114, 128 (1982)).

Federal Rule of Civil Procedure ("Rule") 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. Proc. 54(d)(1). Courts have discretion to award costs pursuant to Rule 54(d). Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 176 (9th Cir. 1990).

## III.   DISCUSSION

### A.   Axis's Renewed Motion for Judgment as a Matter of Law

Axis argues it is entitled to judgment as a matter of law pursuant to Rule 50(b) on Rhythm's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of the implied duty to perform with reasonable care. Dkt. 221 at 1. Axis contends that "judgment as a matter of law should be granted to dismiss Rhythm's claim for breach of contract because there was a complete 'absence of probative facts' to show any damages that were recoverable under a breach of contract action." Id. at 3 (quoting Eich v. Board of Regents for Central Missouri State Univ., 350 F.3d 752, 761 (8th Cir. 2003)). Axis argues that Rhythm's only demand for recovery was actually one for recission, because it sought to be restored to the position it would have been in had it not entered into the contracts, and that the only evidence it offered supported restitution because it demonstrated the amount paid under the contracts. Id. Axis argues that neither recission nor restitution is permissible as a remedy for breach of contract under California law, as "the only proper measure of damages for a breach of contract claim is the amount necessary to restore the injured party to the position they [would] have held if there had been no breach." Id. at 3-4 (citing Postal Instant Press v. Sealy, 43 Cal.App.4th 1704, 1709 (1996) (internal citations omitted)).

Axis also argues that this limitation on damages is reflected in CACI No. 35, instructing "the jury to determine the amount necessary to 'to put [plaintiff] in as good a position as [it] would have been if [defendant] had performed as promised.'" Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'  JS-6**

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

Axis notes that this instruction was given at the first trial, but was not given at the second trial over its objection. Id. at n.1.

Axis argues that a claim for recission is only proper if a party "elects to disaffirm the contract, rather than seeking damages for breach," id. at 4 (citing Wong v. Stoler, 237 Cal. App. 4th 1375, 1384 (2015)), and that a certain statutory procedure must be followed, id. Similarly, Axis argues, Rhythm cannot make a claim for restitution because this is a claim which "lies only in equity at the discretion of the court to prevent injustice" and does not apply where parties have an express contract. Id. at 5 (citing California Medical Assn. v. Aetna U.S. Healthcare of California, Inc., 94 Cal.App.4th 151, 172 (2001)). Axis argues that Rhythm's only damages are based on improper demands for restitution and recission and that because there was no evidence of proper damages, judgment as a matter of law should be granted. Id. at 5-6.

Next, Axis argues that it is entitled to judgment as a matter of law on Rhythm's remaining claims for the same reasons it is entitled to judgment as a matter of law on the breach of contract claim. Id. at 7. Claims for breach of the covenant of good faith and fair dealing, Axis contends, are limited to the recovery of the same damages as in a breach of contract claim. Id. (citing Cates Constr., Inc. v. Talbot Partners, 21 Cal. 4th 28, 42 (1999)). Axis argues that, additionally, claims for breach of implied duty to perform with reasonable care are predicated on breach of the underlying contracts. Id. (citing Holguin v. Dish Network LLC, 229 Cal.App.4th 1310 (2014)). Therefore, Axis argues, these claims also fail. Id.

Axis also argues that judgment should be entered on Rhythm's other counterclaims because the jury awarded $0 in damages, despite a finding of liability for breach of the implied covenant of good faith and fair dealing and for breach of the implied duty of reasonable care on both the GO-ID and Basket contracts. Id.at 7. Axis refers to the jury instructions, requiring for both the breach of implied covenant claims and the breach of implied duty to perform with reasonable care claims that "'Rhythm was harmed by Axis'[s] conduct,'" id. at 7-8, arguing that "[t]he jury's express written finding that Rhythm suffered 'zero' damage from both claims contradicts this essential element render[ing] the finding of liability void," id. at 8. According to Axis, "findings of zero damages indicate that the jury's verdict is fundamentally inconsistent" pursuant to California law and the opinions of federal courts. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'   JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

Axis argues that judgment should be entered on the counterclaims for breach of the implied covenant of good faith and fair dealing because it is not permitted by California law on the facts of this case, and thus fails as a matter of law. Id. at 9. The California Supreme Court, Axis contends, has determined that outside of the insurance context, recovery on this claim is impermissible "unless it is predicated upon the tortious violation of an independent duty arising from principals of tort law that is not based on a breach of contractual obligations." Id. (citing Freeman & Mills, Inc. v. Belcher Oil Co., 11 Cal. 4th 85, 102 (1995)). Axis argues that such an independent breach is not present here and therefore this claim cannot be brought in tort. Id. The claim is also not properly brought in contract, Axis argues because it "states only the same breaches and damages as a breach of contract claim," which does not make out an independent claim according to state and federal courts that have considered the issue. Id.

Finally, Axis argues that in the alternative, the Court should vacate the damages award for Rhythm's breach of contract claim pursuant to Rule 59(a)(1). Id. at 10. If the Court "concludes that the evidence did not support a specific damage award," Axis argues, "the [C]ourt may vacate that award without granting a new trial as long as the arguments in support of the award did not 'spillover' and affect the jury's verdict on other issues." Id. at 11 (citing Max Rack, Inc. v. Core Health & Fitness, LLC, 40 F.4th 454, 470-71 (6th Cir. 2022)). Axis argues that there was no evidence to support the jury's award of damages on Rhythm's counterclaim. Id.

In opposition, Rhythm argues that Axis's "Rule 50(b) Motion rests on a clear misstatement of the law: that restitution as a *measure of damages* is the same as the *equitable remedy* called restitution." Dkt. 223 ("Opp.") at 2. Rhythm argues that it has throughout the litigation sought restitution as a measure of damages, supported by the Court's November 13, 2023 Order denying Axis's motion for judgment as a matter of law following the first trial in this matter and concluding that "'Rhythm has presented a consistent theory of damages throughout the case, which is that restitution, or a refund, is the best measurement of the damages that Rhythm suffered as a result of Axis's alleged breach of contract.'" Id. (quoting dkt. 140 at 10). Rhythm contests that Axis's reliance on CACI No. 350 is correct because it argues Axis failed to excerpt the entire relevant portion, leaving out that the purpose of contract damages is to return the party to the position they would have been in had the other party performed, and arguing that Rhythm sought a refund for this purpose. Id. at 2-3. Rhythm argues that it also does not seek

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'   JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

recission nor does it seek restitution or unjust enrichment because "it has an adequate remedy at law: a breach of contract claim and contract damages." Id. at 3. Restitution can be a proper measure of damages, Rhythm argues, even if an equitable claim for restitution is not brought. Id.

Rhythm next argues that Axis is not entitled to judgment as a matter of law on Rhythm's breach of implied covenant and breach of duty counterclaims. Id. at 4. Rhythm contends that "[a]n award of $0 damages does not *per se* negate a jury's finding of harm." Id. at 5 (citing Nat'l Life Ins. Co. v. Saks, 630 F. App'x 703, 704 (9th Cir. 2015); OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp., 157 Cal. App. 4th 835, 882 (2007)). Rhythm argues that "there was significant evidence that Axis failed to ensure patient safety, safeguard data integrity, and complete all of its required tasks under the contracts—all of which caused harm to Rhythm," in that they resulted in Rhythm's inability to use Axis data in its FDA submission. Id. at 5-6.

Rhythm also contends that Axis's arguments do not withstand the Rule 59 standard for a new trial because the moving party must "establish an irreconcilable inconsistency." Id. at 6 (citing Fahimian v. BMW of N. Am., LLC, No. CV 19-3587-KS, 2022 WL 1633646, at *4 (C.D. Cal. Jan. 26, 2022) (quoting White v. Ford Motor Co., 312 F.3d 998, 1038 (9th Cir. 2002) (internal quotation marks omitted)). A finding of zero damages is not inconsistent with a finding of breach, Rhythm argues, nor is there evidence that "the jury intended to find in favor of Axis on Rhythm's alternative claims by finding for Rhythm on those claims and then awarding zero damages." Id. Rather, the Court is required to "harmonize a jury's inconsistent answers if a fair reading allows for it," and here, Rhythm argues, such a reading should lead the Court to conclude that these breaches did not cause additional harm beyond the breach of contract harm. Id. (citing Fahimian, 2022 WL 1633646 at *4 (quoting Floyd v. Laws, 929 F.2d 1390, 1396 (9th Cir. 1991) (internal quotations omitted)).

Rhythm asserts that Axis fails to meet its burden on its argument that Rhythm's claim for breach of the implied covenant of good faith and fair dealing is impermissible under California law. Id. at 7. Rhythm argues that the Court has previously concluded that such claims are valid under California law. Id. (citing Opp. Exh. F at 205:5–25, 206:15–17, 206:22–24).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'  JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

Rhythm argues that the Court should reject Axis's alternative argument that there was a lack of evidence to support Rhythm's damages because the "[f]or the Court to reconsider the weight or credibility of the evidence would be anathema to the nature of the jury system and the Rule 50(b) standard." Id. at 8. The evidence presented, Rhythm argues, "was voluminous and undisputed," including Rhythm's Chief Financial Officer Hunter Smith's testimony about payments Rhythm made and Amber Davidheiser's testimony about the payments Axis received. Id. at 8-9.

In reply, Axis first argues that Rhythm has presented no argument or authority to contradict Axis's showing that it is entitled to a directed verdict on the breach of contract claims, contending that Rhythm concedes that it sought a refund, that this is a proper remedy in a contract claim for recission and an equitable claim for unjust enrichment, and that the only proper award is one that gives Rhythm the benefit of its bargain. Dkt. 228 at 2-3. Axis argues that "Rhythm is thus forced by these concessions into playing a semantic shell game with the words 'refund,' 'restitution,' and 'damages' to argue that, while an award returning the amounts paid under the contract would be admittedly improper, a 'refund' of damages equal to the amounts paid is somehow different and entirely proper." Id. at 3. Axis argues that none of the cases on which Rhythm relies supports this view and that Rhythm fails to address why the authority Axis cited in its motion does not control. Id. at 3, 6. Axis contends that this failure to address the authorities cited "may be assumed to be conceding to that authority." Id. at 6.

Next, Axis argues that Rhythm has failed to present argument or authority contradicting Axis's argument that it is entitled to a directed verdict on the breach of covenant and breach of duty claims because zero damages were awarded. Id. at 7. Axis contends that Rhythm's opposition pertaining to the "evidence that it claims the jury 'could have' relied on to find and award damages under these claims" is irrelevant, and that what matters is what the jury did do: "find that Rhythm suffered no compensable harm under either of these claims." Id. Axis argues that without compensable harm, Rhythm did not carry its burden of proving these claims to the jury. Id. Axis refers to authority it cited in its motion that Rhythm did not address in opposition and argues that the authority to which Rhythm does cite is inapposite. Id. at 7-8.

Finally, Axis argues that Rhythm has failed to contradict Axis's showing that it is entitled to a directed verdict on the breach of covenant and breach of good faith and fair dealing claims because they are duplicative. Id. at 9. Axis argues that Rhythm has not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

‘O’  JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | | Date | September 16, 2024 |
|---|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | | |

distinguished the relevant authorities and that the case on which it relies is inapplicable here. Id. at 9-10.

The Court first notes that in the pretrial conference order, Rhythm set forth its theory that it "ha[d] suffered more than $5 million in damages as a result" of Axis's breach, dkt. 171 at 9, and at no point in the order did Rhythm mention that it sought recission, see generally, id. Given that in the pretrial conference order Rhythm made clear that it sought damages rather than recission, the Court as a threshold matter finds that Axis is at this stage not entitled to argue that Rhythm's claim was actually one for recission.

The Court concludes that Rhythm's theory of damages, that a refund of amounts paid to Axis is the best measure of the damages it suffered, is not a claim for equitable restitution. Rhythm has maintained this theory throughout the course of this litigation and the Court has previously found it is proper. Dkt. 140 at 10. The Court has also previously determined that Rhythm's claim for breach of the implied covenant of good faith and fair dealing is permissible pursuant to California law and that the alternative claims are not impermissibly duplicative of the breach of contract claim. Opp. Exh. F, 206:15-17. As a result, these claims were included on the jury's verdict form. Dkt. 218.

The Court does not agree with Axis that a finding of zero damages for breach of the implied covenant of good faith and fair dealing and for breach of the implied duty of reasonable care renders the jury's finding of liability void. California law permits a finding of breach of contract accompanied by an award of zero damages. Nat'l Life Ins. Co. v. Saks, 630 F. App'x 703, 704 (9th Cir. 2015) (citing Sapp v. Barenfeld, 34 Cal.2d 515, 524 (1949)). In this case, the jury found breach of contract, and damages, merely finding zero damages on Rhythm's alternative claims of breach of implied covenants and duties. At trial, the jury was instructed, "[i]f you find for Rhythm on any of its alternative claims, you must also determine the amount of Rhythm's damages for that claim. However, please know that Rhythm can only recover its damages once, even if you award its full claimed damages multiple times." Dkt. 213 at 36-37. The jury could have determined, pursuant to this instruction, that if it awarded damages on the breach of contract claim, it need not award duplicative damages on the alternative claims. The United State Court of Appeals for the Ninth Circuit has made clear that "[i]n an inconsistent verdict case, a court asks, not whether the verdict necessarily makes sense under any reading, but whether it can be read in light of the evidence to make sense."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL                    'O'   JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

White v. Ford Motor Co., 312 F.3d 998, 1005 (9th Cir. 2002). The Court finds that in light of the evidence presented in this case and the instructions provided to the jury, a finding of liability on the alternative claim accompanied by findings of zero damages are consistent with the damage awards.

The Court addresses the sufficiency of evidence for the damage award below, in conjunction with arguments made for a new trial on this basis.

Accordingly, the Court **DENIES** Axis's motion for judgment as a matter of law.

### B.    Axis's Motion for New Trial

Axis argues that a new trial must be ordered because the jury reached an improper compromise verdict. Dkt. 222 at 2. Axis concedes that an insufficient damages verdict alone does not necessarily indicate a compromise verdict. Id. (citations omitted). Axis argues that the Court must look to the totality of the circumstances and "consider any indicia of compromise apparent from the record and any factors that may have caused a verdict for damages that would be inadequate if the jury actually found liability.'" Id. (quoting Yarbrough v. Sturm, Ruger & Co., 964 F.2d 376, 379 (5th Cir. 1992)). Axis argues that in this case, the award of one-half of claimed damages on Rhythm's breach of contract claim, "coupled with the contested liability and jury confusion resulting in two questions about calculation of damages is compelling evidence of jury compromise," and thus requires a new trial. Id. at 3. Axis argues that Judge Carter recently granted a new trial under what are claimed to be similar circumstances. Id. (citing Holloway v. Orange Cnty., No. CV 8:19-01514 DOC DFMX, 2024 WL 1816943, at *4 (C.D. Cal. Mar. 18, 2024)).

Axis argues that even if there were another explanation for the jury's award, it remains inconsistent with the evidence and impermissible by law. Id. at 3-4. Rhythm, Axis contends, did not introduce any evidence of the value it received under the GO-ID contracts, so the jury had no evidence on which to conclude that a one-half refund was warranted, and such a conclusion is precluded by law because "[a] jury cannot award one-half of a refund as damages on a contract claim." Id. at 4. Axis argues that a one-half refund would also be improper under a recission claim, and that such an award is only permissible on an equitable claim for restitution, which is not possible when the award is decided by a jury rather than the court and where parties have a written contract.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL                    'O'  JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|----------|--------------------------|------|--------------------|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

Id. at 5. Based on these factors, Axis argues, the verdict is invalid, and a new trial is warranted. Id. at 6.

Next Axis argues that a new trial must be ordered because the verdict impermissibly imposes joint and several liability on unrelated parties with separate contracts. Id. Axis argues that though it brought its original claims via an assignment of rights, each counterclaim defendant was individually named in the First Amended Counterclaim, each appeared and answered individually, and Rhythm did not argue that counterclaim defendants were co-obligor's on one another's contracts nor did it present evidence of the amount paid to each counterclaim defendant. Id. Axis argues that because the jury was not asked to determine damages owed by each counterclaim defendant, there is no way to properly divide the damages award among them. Id. at 7. This, Axis argues, is an additional basis for granting a new trial. Id.

In opposition, Rhythm first argues that the jury's verdict did not reflect an improper compromise, rather it "was a complete victory for Rhythm." Id. at 9. Rhythm argues that Axis's "own self-serving interpretation of an adverse verdict is insufficient to meet its burden on a new trial motion" and that the trial evidence did support the jury's damages award. Id. at 10. Rhythm cites evidence presented on the payment schedule followed for the GO-ID contracts, arguing that "[t]he jury's award of half of Rhythm's claimed damages on the GO-ID contracts is consistent with the GO-ID payment schedule." Id. Rhythm also argues that Axis's theory of the case relied on proving its part performance under the contracts. Id. at 10-11. According to Rhythm, the Court noted at that time that the jury could have permissibly found that a partial damages award was appropriate. Id. at 11 (citing Opp. Exh. N at 11:25-12:3). Additionally, at trial, Rhythm argues, Axis agreed to respond to the two jury questions about awarding damages stating that the jury could award less than the full amount requested so long as the award was based on the jury's consideration of all of the evidence. Id. at 11-12.

Rhythm also contests Axis's claim that a partial damages award is improper by law. Id. at 12. The jury's determination that one-half of the damages requested would "restor[e] Rhythm to the benefit of its bargain," Rhythm argues, "does not convert Rhythm's claims into an equitable claim for restitution." Id.

Next, Rhythm argues that the verdict form was not required to allocate damages for each individual contract. Id. Rhythm argues that it presented evidence which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

'O'  JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

demonstrated how much it paid to each entity and that the Court previously rejected the need to determine damages on each contract separately on the verdict form. Id. at 12-13 (citing Opp. Exh. O at 8:10-10:15). Rhythm argues that "both parties have proceeded under the theory that the contracts were substantively identical," and the jury instructions referred to the entities collectively, thus "Axis cannot reverse course on its own presentation of its case and defense to now require separate allocation." Id. at 13-14. Finally, Rhythm argues that "[e]ven if [] a verdict form [allocating damages on each contract] would not have contradicted the evidence as both parties presented it, Axis fails to demonstrate the necessary prejudice to justify a new trial." Id. at 14.

In reply, Axis first argues that Rhythm's argument that the jury did not reach an improper compromise verdict contradicts its argument that the award of refund damages is proper. Dkt. 229 at 2. Axis asserts that Rhythm "ultimately disproves its own claim" because if the damages it claims are not a refund, there was no evidence to support them, and if they are a refund, they are an impermissible partial refund. Id. Axis contends that because CACI Instruction No. 350 was not given, the jury could not have known how properly to compute contract damages. Id. According to Axis, the failure to include CACI No. 350 is further evidence that the jury verdict was a compromise verdict. Id. Axis reiterates its argument made in its motion pertaining to compromise verdicts and argues a new trial must be ordered. Id. at 3.

Axis next restates the argument made in its motion that a new trial must be granted because there is no basis for the allocation of the damage award between counterclaim defendants. Id. at 3-4. Axis argues that the damages allocations cannot be easily gleaned from the evidence presented as Rhythm contends in its Opposition, and that even if the Court were to calculate the relevant amounts, it would have to make assumptions about the way the jury arrived at its one-half damages award. Id. at 4-5. Thus, Axis asserts, "[t]he only resolution is to order a new trial." Id. at 5.

The Court finds that these circumstances do not merit a conclusion that the jury reached an impermissible compromise verdict, warranting a new trial. "'[A]n insufficient damages verdict, standing alone, does not necessarily indicate a compromise.'" Saunders v. Carlisle Memory Prod. Grp., Inc., 24 F.3d 249, 2 (9th Cir. 1994) (quoting Mekdeci v. Merrell Nat'l Labs., 711 F.2d 1510, 1513 (11th Cir.1983)). Indeed, a jury verdict will be accepted if it could reasonably have been reached. Raynor Bros. v. American Cyanimid Co., 695 F.2d 382, 385 (9th Cir. 1982) (finding that an award of approximately half of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'   JS-6**

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

plaintiff's requested damages could have been rationally reached in light of the evidence developed during cross-examination challenging plaintiff's damages calculation). In this case, the jury's award of approximately one-half of Rhythm's requested damages on the GO-ID contracts is supported by evidence presented at trial, including payments apportioned and timed according to performance benchmarks for Axis to meet under the GO-ID contracts, as well as Axis's evidence of its own performance under the contracts. Axis's argument that failure to include CACI No. 350 is belied by the fact that the Court gave Instruction No. 31, "[i]f you decide that Rhythm has proved any of its claims against Axis, you must decide how much money will reasonably compensate it for the harm caused by the breach," dkt. 213 at 34, and in light of the evidence presented, the jury's verdict was reasonable. The Court concludes, therefore that the jury's damages award was not an impermissible compromise verdict.

The Court finds that Axis's reliance on Holloway is misplaced. There, the Court determined that a jury determination that officers had used excessive force accompanied by an award of zero damages was inconsistent, warranting a new trial because "[t]he jury's finding that a punch to the face and several knees to the head caused [p]laintiff no compensable 'pain and suffering' [was] patently unsupportable." Holloway, 2024 WL 1816943 at *8. Here, the jury's determination that Axis had breached its contract with Rhythm, but that the breach did not merit an award of full requested damages, was consistent with the parties' presented theories of the case and the evidence, unlike the finding of use of excessive force accompanied by an award of zero damages in Holloway.

The Court also concludes that the jury's award of less than Rhythm's total claimed damages is not grounds for a new trial. Generally, "a jury's award of damages is entitled to great deference, and should be upheld unless it is 'clearly not supported by the evidence' or 'only based on speculation or guesswork.'" In re First All. Mortg. Co., 471 F.3d 977, 1001 (9th Cir. 2006) (quoting Los Angeles Memorial Coliseum Comm'n v. National Football League, 791 F.2d 1356, 1360(9th Cir.1986) (citations omitted)). It is well established that juries can award damages of less than the amount requested by the parties. See, e.g., Am. Nat. Bank & Tr. Co. of Chicago v. Reg'l Transp. Auth., 125 F.3d 420, 437 (7th Cir. 1997) (affirming the award of nearly half a million less than the party's calculated damages because the jury could have concluded that though the project at issue was "very likely to occur, it was not a certainty"); Cal-Agrex, Inc. v. Tassell, 258 F.R.D. 340, 349-350 (N.D. Cal. 2009), aff'd, 408 F. App'x 58 (9th Cir. 2011) (affirming

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'   JS-6**

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

the award of nearly two million dollars more than the expert's highest damages assessment because "the jury was presented with substantial evidence related to the damages calculation, including multiple different scenarios for recovery and varying assumptions by the damages experts," thus the court could not conclude the award was "was either unreasonable or unsupported by substantial evidence."); Holmes v. Harris, No. CV 18-3739 PSG EX, 2019 WL 12070347, at *3 (C.D. Cal. Oct. 4, 2019), aff'd, 845 F. App'x 604 (9th Cir. 2021) (affirming a damage award higher than defendant's expert assessed because jurors are permitted to make their own reasonable damages assessment based on the evidence); Goyal v. Thermage, Inc., No. CIV. WDQ-08-0020, 2012 WL 3240381, at *17 (D. Md. Aug. 2, 2012) (affirming the award of approximately half of damages sought because the jury may have discredited both parties' positions and independently determined that an award of about half of requested damages was reasonable).

Here, parties agreed at trial that the jury could determine a damages award that was less than the amount requested. In response to the jury's questions asking first, "[i]n finding for one of the parties in the breach of contract, do we have to pay the 'full' amounts requested or can we give a different amount that is less?" dkt. 207, and second, "if we wish to choose our own number . . . [for damages] can we do so?" dkt. 208, the parties agreed to say "no, please see the jury instructions," dkt. 207, and "yes, but it must be based on your consideration of all of the evidence," dkt. 208. Thus, as an initial matter, the parties agreed during the trial that a lesser damage award was not precluded as a matter of law, contrary to what Axis argues in the instant motion.

The Court finds that an award of damages less than the total amount claimed is consistent with the arguments and evidence at trial and with the law. Rhythm's theory throughout this case has been a failure of consideration, a claim that it did not receive value in exchange for its contract payments to Axis. While a complete failure of consideration is grounds for recission of the contract, a partial failure of consideration by one party does not excuse the performance of the party asserting this defense. U.S. v. Schaeffer, 319 F.2d 907, 911 (9th Cir. 1963). Rather, a partial failure of performance, "is merely ground for abatement of damages unless it goes to the root of the contract." Id.; Nelson v. Jones, No. CV 01-00182 KSC, 2007 WL 9711020, at *12 (D. Haw. Aug. 31, 2007), aff'd, 312 F. App'x 936 (9th Cir. 2009) (finding that "'[w]here a partial failure of consideration has occurred, the proper remedy is to grant appropriate damages to the non-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                  **'O'   JS-6**

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

breaching party.'") (quoting Check Control, Inc. v. Shepard, 462 N.W. 2d 644, 647 (N.D. 1990)). Though a claim for recission under California law is governed by California Civil Code Section 1689, "the meaning of failure of consideration, as provided for in that section, has been applied, under the rule announced in Richter v. Union Land etc. Co., 129 Cal. 367, 62 P. 39, to cases not founded upon the exercise of the right of rescission." Taliaferro v. Davis, 31 Cal. Rptr. 164, 172 (1963); see also Bliss v. California Cooperative Producers, 181 P.2d 369, 374 (1947) (holding that failure of consideration is a defense to an action for breach of a bilateral contract).

At no time did Rhythm explicitly argue that the failure of performance went to the basis of the contract, nor did it state a claim for recission. Rather, Rhythm claimed and present evidence of failure of consideration as a defense to Axis's claim of breach. Axis, for its part, presented evidence that it had performed. Thus, the jury could have properly found damages amounting to less than a complete refund were owed to Rhythm, because it had made contract payments for which it only recouped partial value in the form of partial performance. The Court concludes that the jury could permissibly have found that an award of one-half of Rhythm's claimed damages was supported by the evidence.

Finally, the Court finds that the fact that the awarded damages were in the form of one damage number, rather than broken out for each contract, does not provide grounds for a new trial. The Court rejected Axis's argument at the pretrial conference, held on July 15, 2024, that each of the twelve claims needed to be set out individually on the verdict form. Dkt. 225. The Court determined that there had not been evidence heard on each company's contract, nor did the pretrial conference order establish that the claims for breach would be tried company-by-company. Id. 8:19-21 (explaining "I just don't think that you can go company by company, particularly because we haven't had evidence really on the other companies); 10:13-15 (noting that "[t]here's nothing in the pretrial conference order that says we're going to try breach of contract on a location-by-location basis."). The Court reiterates its prior conclusion here. No reason has been shown why this ruling should be revisited.

Accordingly, the Court **DENIES** Axis's motion for a new trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'   JS-6**

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

### C.   Rhythm's Motion for Prejudgment Interest and Costs

Rhythm argues it is entitled to prejudgment interest on the damages awarded to it at trial.  Dkt. 220 at 1.  It argues that under Rule 54(d), it is also presumptively entitled to taxable costs.  Id. (citing Save Our Valley v. Sound Transit, 335 F.3d 932, 944–45 (9th Cir. 2003)).  Rhythm claims that the Court should grant it statutory prejudgment interest on the amount of damages it was awarded, $2,756,924.28 from, at latest, the date of filing of its counterclaims, February 25, 2022.  Id.  It argues that without prejudgment interest, it would not be fully compensated for the injury the damages awarded are meant to address.  Id. at 2 (quoting West Virginia v. United States, 479 U.S. 305, 311 n.2 (1987)).

Rhythm claims that "[i]n federal diversity actions, prejudgment interest is available as it would be under the state law that governs the claim."  Id. (citing In re Exxon Valdez, 484 F.3d 1098, 1101 (9th Cir. 2007)).  Under California Civil Code Section 3287(b), Rhythm argues, "a party that secures a judgment to receive damages based upon a contract action can recover prejudgment interest on the damage award running from the date the action was filed."  Id.  Thus, Rhythm asserts, it is entitled to prejudgment interest on its damages award from the date it filed its counterclaims, and this decision falls within the Courts discretion.

Rhythm notes that under California law, awarding prejudgment interest is mandatory when damages are certain or capable of being made certain, meaning "'there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage,'" pursuant to California Civil Code Section 3287(a).  Id. (citing Diaz, 785 F.3d at 1329 (internal citations omitted)).  Rhythm argues that this is such a case because the computation of Rhythm's damages "has never been disputed: throughout, Rhythm sought a refund for amounts it paid Axis under the breached contracts."  Id. at 3.  To support this assertion, Rhythm cites to Axis witness Amber Davidheiser's testimony that Rhythm paid Axis $4,016,998.25 and to documentary evidence demonstrating that payments for the GO-ID study totaled $4,019,007.05, which Rhythm describes as "an almost identical number."  Id.  For the Basket contracts, Rhythm contends, Davidheiser testified that Rhythm paid Axis $847,551.19 and documents show "a very similar figure" of $747,420.75.  Id.  Accordingly, Rhythm argues that because "the jury saw fit to award Rhythm exactly 50% of what it paid for Go-ID and 100% of what it paid for Basket—amounts that were essentially undisputed—

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'   JS-6**

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

makes clear that Rhythm's damages was certain—or at least capable of being made certain by calculation—as of the date of Rhythm's last payment to Axis—which was September 17, 2021." Id.

Rhythm argues that in the alternative, it is entitled to discretionary prejudgment interest pursuant to Section 3287(b). Id. Rhythm contends that Section 3287(b) authorizes the Court to award discretionary prejudgment interest from a date no earlier than the action's filing, but prior to the entry of judgment. Id. at 3-4. Rhythm argues that there is no set list of factors for the Court to consider in exercise of its discretion, id. at 4 (citing Hewlett-Packard Co. v. Oracle Corp., 65 Cal. App. 5th 506, 577 (2021)), but that courts weigh the reasonableness of such interest, "balancing 'the concern for fairness to the debtor against the concern for full compensation to the wronged party,'" id. (quoting Lewis C. Nelson & Sons v. Clovis Unified Sch. Dist., 90 Cal. App. 4th 64, 69 (2001)). Rhythm contends that an examination of the relevant factors supports an award of prejudgment interest to Rhythm primarily because of the time that elapsed between filing of its counterclaims and the verdict as well as the fact that the jury determined Axis breached the express terms of the contracts and the implied covenant of good faith and fair dealing and the duty to perform the contracts with reasonable care. Id. Rhythm requests this prejudgment interest at the ten percent statutory rate, calculating a total of $728,461.41 in interest on the jury's damage award. Id. at 5.

Next, Rhythm argues that the Court should grant it taxable costs pursuant to Rule 54(d). Id. Rhythm contends that Rule 54(d) governs in diversity cases and that "'Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party.'" Id. (citing Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1022 (9th Cir. 2003); Fed. R. Civ. P. 54(d)(1)). Rhythm argues that the Court has discretion to deny the request for costs, but that such discretion is not unlimited. Id. at 6. Rather, Rhythm argues, the Ninth Circuit has enumerated "a limited universe of appropriate reasons for overcoming the Rule 54 presumption," none of which applies here. Id. (citations omitted).

In opposition, Axis first argues that prejudgment interest should not be awarded because it would penalize Axis for litigating a bona fide dispute. Dkt. 224 at 2. Axis contends that "[a] trial court's decision about whether and when to award prejudgment interest is to be guided by principles of equity." Id. at 3. Axis cites Continental Oil Co. v. U.S. for the proposition that interest is generally not permitted on unliquidated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                     **'O'   JS-6**

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

damages unless in the court's discretion it is necessary for fair compensation. Id. (citing 184 F.2d 802, 822 (9th Cir. 1950)). Axis also argues that the Court is required, pursuant to Section 3287(b), "'to balance the concern for fairness to the debtor against the concern for full compensation to the wronged party.'" Id. (quoting Hewlett-Packard Co., 65 Cal. App. 5th at 576). In conducting this balancing, Axis argues, the Court "must not award prejudgment interest where it would 'penalize' a defendant for defending itself in a 'bona fide dispute.'" Id. (citing Workplace Techs. Rsch., 664 F.Supp.3d at 1157-1158; A & M Produce Co. v. FMC Corp., 135 Cal.App.3d 473, 496 (1982)).

Axis argues that two indicators of a bona fide dispute are "'highly contested and uncertain'" damages, id. (quoting Hewlett-Packard Co., 65 Cal. App. 5th at 577), and a prior trial which reached a different result or in which there was a jury award "substantially less than demanded," id. at 3-4 (citing Fresno Rock Taco, LLC v. Nat'l Sur. Ins. Corp., No. CV 1:11-845 SKO, 2015 WL 135720 at *28 (E.D. Cal. Jan. 8, 2015)). Axis points to the jury award of one-half of Rhythm's damages on the GO-ID contracts and the fact that the original trial verdict was "heavily" in Axis's favor to support the contention that there was a bona fide dispute in this case.

Axis next argues that if the Court chooses to award prejudgment interests, it should "not be assessed any sooner than August 25, 2023, which was the first time that [Rhythm] demanded a refund of its contract payments as its contract damages." Id. at 4. Axis contends it cannot be responsible for paying interest prior to the time it became possible for it to determine the amount of the claims against it. Id. at 5 (citing Union Pac. R.R. Co. v. Santa Fe Pac. Pipelines, Inc., 231 CA.4th 134, 203 (2014); Hewlett-Packard Co., 65 Cal. App. 5th at 576). Axis argues that Rhythm did not reveal that its claimed damages would be its contract payments until the Pretrial Conference hearing on August 21, 2023, and through its document production on August 25, 2023. Id. Axis quotes extensively from its August 30, 2023, filing, wherein it described the asserted change in Rhythm's claimed damages. Id. at 6-8 (citing dkt. 86 ¶ 4:10-8:7). Accordingly, Axis argues that because the two witnesses Rhythm provided to testify as to damages "still did not know what [those] damages were as late as August 30, 2023, if prejudgment interest must be awarded, it is reasonable that it be awarded no sooner than August 25, 2023, which was the earliest date at which Rhythm produced the documents from which its damages would be calculated." Id. at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL       'O'  JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | Date | September 16, 2024 |
| --- | --- | --- | --- |
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | |

In reply, Rhythm first argues that Axis concedes Rhythm is entitled to both mandatory prejudgment interests and costs, based on Axis's failure to oppose Rhythm's requests for mandatory prejudgment interest pursuant to Section 3287(a) and taxable costs pursuant to Rule 54(d). Dkt. 227 at 1. Rhythm contends that lack of opposition amounts to a waiver of the issue. Id. (citing Heraldez v. Bayview Loan Servicing, LLC, No. CV 5:16-1978 R DTBx, 2016 WL 10834101, at *2 (C.D. Cal. Dec. 15, 2016), aff'd, 719 F. App'x 663 (9th Cir. 2018); In re Stable Rd. Acquisition Corp. Sec. Litig., No. CV 2:21-5744 JFW SHKx, 2023 WL 11892194, at *3 (C.D. Cal. Nov. 14, 2023).

Next, Rhythm argues that Axis's opposition to Rhythm's alternative theory for discretionary prejudgment interest fails on the merits. Id. at 2. The principles of equity, upon which Axis relies to oppose discretionary prejudgment interest, Rhythm argues, actually support such an award "because failure to award prejudgment interest ignores the time-value of the unearned payments (amounting to millions of dollars) that Axis held for more than two years from filing to verdict." Id. at 3. Rhythm contests the applicability of the caselaw on which Axis relies to make its equity argument, describing it as "inapposite." Id. Rhythm distinguishes Workplace Technologies on the basis that there "'the jury found [defendant] had also failed to perform certain obligations under both the [contracts at issue].'" Id. (citing Workplace Techs. Rsch., 664 F. Supp. 3d at 1157-58). Rhythm claims that Axis's reliance on A & M Produce is also misguided, because there, the trial court's grant of prejudgment interest was affirmed and the court found that without an award of prejudgment interest, the defendant would effectively have been allowed to borrow large sums of money from the plaintiff interest free. Id. (citing A & M Produce, 135 Cal. App. 3d at 496). Lastly, Rhythm argues that Fresno Rock Taco does not apply, because there, mandatory prejudgment interest of the kind Rhythm requests was granted, while only discretionary prejudgment interest was denied. Id. at 4 (citing Fresno Rock Taco, LLC v. National Surety Insurance Corp., No. CV 1:11-845 SKO, 2015 WL 135720, at *28 (E.D. Cal. Jan. 9, 2015)).

Finally, Rhythm argues that "the appropriate date from which to measure damages under Section 3287(a) is September 17, 2021: the date of Rhythm's last payment to Axis, and the date on which damages became reasonably calculable." Id. Alternatively, Rhythm argues, the Court should fix February 25, 2022, the date of Rhythm's counterclaim filing, as the date from which prejudgment interest runs. Id. Rhythm contends Axis's argument that Rhythm only revealed its claimed damages on August 21,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'   JS-6**

| Case No. | 2:22-CV-01127-CAS (GJSx) | | Date | September 16, 2024 |
|---|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | | |

2023 and in document production on August 25, 2023 "is verifiably false." Id. at 4-5. Rhythm supports this argument with citation to the transcript of the Court's hearing on August 21, 2023, wherein the Court determined that the damages claim had "'been in the case for a long period of time'" and that Axis should have been able to determine the amount of money it was paid. Id. at 5 (citing August 23, 2023 Tr. at 33:22–34:1; 36:4-5). Rhythm goes on to argue that it "has never hidden the ball" and that it has made clear throughout the case the amounts it claimed it was owed. Id. at 5-6 (citing various filings in which Rhythm described damages sought, dating back to February 25, 2022).

The Court finds that section 3287(a) is inapplicable in this case, as damages were not liquidated.[1]  In order to warrant mandatory prejudgment interest pursuant to section 3287(a), damages must be "certain or capable of being made certain by calculation." Cal. Civ. Code § 3287(a).  This means that "there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." Diaz, 785 F.3d at 1329 (quoting Leff , 33 Cal. 3d at 519).  It is evident that in this case there was a dispute over the computation of damages, giving rise to a jury award of less than Rhythm's claimed damages. Therefore, the Court concludes that mandatory prejudgment interest is not properly awarded in this case.

The Court also concludes that discretionary prejudgment interest pursuant to section 3287(b) is not proper in these circumstances. This section "seeks to balance the concern for fairness to the debtor against the concern for full compensation to the wronged party." Lewis C. Nelson & Sons, 90 Cal. App. 4th at 69.  Courts look at various factors in determining whether discretionary prejudgment interest is appropriate, including time between complaint and entry of judgment, offers to settle during the litigation, A & M Produce, 135 Cal. App. 3d at 496-97, and whether the granting of

---

[1] At oral argument, counsel for Rhythm asked the Court to consider treating the Basket contract as requiring payment of a liquidated amount.  First, the argument that the damages on the Basket contract should be treated differently was not raised in the briefing and, in any event, appears to be without merit because the amounts were in fact disputed.  The question at trial was what the reasonable value of the services provided by Axis was, thus by definition the damages could not be liquidated because the question of value was at the center of the dispute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL    'O'   JS-6

| Case No. | 2:22-CV-01127-CAS (GJSx) | | Date | September 16, 2024 |
|---|---|---|---|---|
| Title | ACTA, A MEMBER OF THE ALLIANCE, INC. V. RHYTHM PHARMACEUTICALS, INC., ET AL | | | |

prejudgment interest would penalize the defendant for litigating a bona fide dispute, Workplace Techs. Rsch., 664 F.Supp.3d at 1157 (citing Fresno Rock Taco, 2015 WL 135720 at *28).  Rhythm's First Amended Counterclaims were filed on April 14, 2022. The Court finds that 29 months is not an unusually protracted duration for a case in this district.  Additionally, no settlement offer of the kind considered by the court in A & M Produce was made during this litigation.  The Court agrees with Axis that a bona fide dispute, one that revolved around "'highly contested and uncertain' damages" was present in this case.  Hewlett-Packard Co., 65 Cal. App. 5th at 529.

The Court finds that an award of taxable costs to Rhythm pursuant to Rule 54(d) is appropriate. Rule 54(d)(1) establishes that costs other than attorney's fees shall be awarded to the prevailing party, "unless . . . a court order provides otherwise directs." Fed. R. Civ. P. 54.  The Court's discretion to deny costs is limited, as, "[a] district court must 'specify reasons' for its refusal to award costs."  Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000) (citing Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n, 576 F.2d 230, 234 (9th Cir.1978)).  The Court does not find any basis in this case to depart from the presumption that costs should be awarded, and Axis makes no argument on the matter.

Accordingly, the Court **DENIES** Rhythm's motion for prejudgment interest and **GRANTS** Rhythm's motion for taxable costs.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Axis's motion for judgment as a matter of law, Axis's motion for a new trial, and Rhythm's motion for prejudgment interest. The Court **GRANTS** Rhythm's motion for an award of taxable costs.

IT IS SO ORDERED.

| | 00 | : | 08 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |